# Court of Appeals
# of the State of Georgia

ATLANTA, June 09, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1525. IN RE ESTATE OF WILBERT ELLIS KELLEY.**
**A22A1526. IN RE ESTATE OF SUSIE BELL KELLEY.**

This dispute arises from the probate of the wills of Wilbert Ellis Kelley and Susie Bell Kelley. In November 2021, the Clayton County Probate Court entered an order appointing Joseph Chad Brannen as temporary administrator of Wilbert's estate. Carol R. Horne filed a motion to set aside the order. In February 2022, the probate court entered an order denying Horne's motion, ordering that, due to the contention of the estate, the administrator should not make any distribution without a court order until further order of the court, and ordering that all fees be paid within 10 days of the date of the order. Horne then filed the instant direct appeals from the February 2022 order.[1] We lack jurisdiction.

As a threshold matter, we note that an order of the Clayton County Probate Court may generally be appealed directly to the Court of Appeals.[2] However, the order must be final. See OCGA § 5-6-34 (a) (1) (appeals generally may be taken from

---

[1] Horne filed the appeals to the Supreme Court, which transferred them to this Court. See Case Nos. S22A0846, S22A0847 (May 3, 2022).

[2] Under OCGA § 15-9-123 (a), a party in a civil case in "probate court" shall have the right of appeal to an appellate court without first seeking review in superior court. See *Ellis v. Johnson*, 291 Ga. 127, 128, n.1 (1) (728 SE2d 200) (2012). A "probate court" is defined as "a probate court of a county having a population of more than 90,000 persons according to the United States decennial census of 2010 or any future such census[.]" OCGA § 15-9-120 (2). As of the 2020 census, Clayton County had a population of 297,595.

"[a]ll final judgments, that is to say, where the case is no longer pending in the court below"); OCGA § 15-9-123 (a) (the provisions of Chapter 6 of Title 5 apply to probate appeals). Here, the record contains no indication that the estates have been fully probated. Therefore, Horne was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the probate court – to obtain review of the order denying her motion to set aside. See OCGA § 5-6-34 (b); *In re Estate of Reece*, 360 Ga. App. 364, 365-366 (861 SE2d 169) (2021).

Horne's failure to comply with the interlocutory appeal procedures deprives us of jurisdiction over these premature direct appeals, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   06/09/2022           *
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.